IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO. **8 21 cr 119** |
| Plaintiff, | : | **THOMAS M. ROSE** |
| v. | : | |
| **HENRY DOUGLAS HITCHCOCK,** | : | **INDICTMENT** 18 U.S.C. § 2252(a)(4)(b) and (b)(2) |
| Defendant. | : | |

**THE GRAND JURY CHARGES THAT:**

### COUNT 1
### [18 U.S.C. § 2252(a)(4)(B) and (b)(2)]

On or about July 15, 2021, in the Southern District of Ohio, the defendant, **HENRY DOUGLAS HITCHCOCK**, knowingly possessed and accessed with the intent to view at least one matter which contains any visual depiction that has been mailed, shipped and transported using any means and facility of interstate or foreign commerce, including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct.

At the time **HENRY DOUGLAS HITCHCOCK** possessed such visual depictions, he had been convicted of a prior offense under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, namely on or about November 17, 1998, in the Miami County, Ohio Court of Common Pleas case number 98CR47, Illegal Use of a Minor in Nudity Oriented Material, in violation of Ohio Revised Code § 2907.323; and on or around November 1, 2002, in the Miami County, Ohio Court of Common Pleas case 02CR290, Pandering Sexually Oriented Material Involving a Minor, in violation of Ohio Revised Code §

2907.322.

All in violation of Title 18 United States Code Section § 2252(a)(4)(B) & (b)(2).

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count 1 of this this Indictment, the defendant, **HENRY DOUGLAS HITCHCOCK**, shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18 of the United States Code; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to:

- Approximately 19 thumb drives;
- PNY 16GB thumb drive;
- SanDisk 32 GB micro SD card contained in Kinston micro SD adapter;
- Ubee router;
- Gateway desktop computer, S/N DTGEPAA0023490821E3000; and
- 7 envelopes with photographs.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

2

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b), to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

___/s/ SIGNED_____
FOREMAN

VIPAL J. PATEL
Acting United States Attorney

__/s/Christina Mahy_____
CHRISTINA MAHY
Assistant United States Attorney