IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:21-CR-119 |
| Plaintiff | : | JUDGE THOMAS M. ROSE |
| v. | : | UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S |
| HENRY HITCHCOCK, | : | MOTION TO REDUCE SENTENCE |
| Defendant | : | |

### Introduction

Defendant Henry Hitchcock filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), even though he waived his right to do so in his plea agreement. Even setting the waiver aside, the Court should deny Hitchcock's motion. Under the guideline amendment Hitchcock relies upon, his sentence would still fall squarely within the lowered guideline range. Additionally, the guidelines (calculated with or without the Amendment 821 changes), still significantly underrepresent the danger posed by Hitchcock, as he had a serious prior conviction which did not count in his criminal history score due to its age. Finally, the nature and circumstances of Hitchcock's offense conduct, and the history of Hitchcock himself demonstrate why the 216-month sentence the Court imposed remains appropriate. Hitchcock's offenses spanned a period of over twenty years, and involved two instances of producing child pornography. The Government therefore respectfully requests that the Court deny Hitchcock's motion

1

## Argument

**I. Hitchcock waived his right to challenge his sentence pursuant to 18 U.S.C. 3582(c)(1)(B) or (c)(2).**

On November 16, 2021, Hitchcock entered a plea to one count of Possession of Child Pornography (with a prior offense), in violation of 18 U.S.C. 2252(a)(4)(B). (R. 21). As a part of the plea agreement, Hitchcock specifically waived "the right to attack his conviction or sentence collaterally, such as by way of a motion brought under . . . 18 U.S.C. § 3582." (Plea Agreement, R. 21 at Page ID. 56). Hitchcock is thus barred from bringing the instant motion. *United States v. Clardy*, 877 F.3d 228, 231 (6th Cir. 2017)("In summary, where a waiver provision in a valid plea agreement specifically forbids a defendant from challenging his sentence under § 3582(c), he cannot challenge his sentence under § 3582(c)." The Sixth Circuit has observed that "[i]t is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). As the Sixth Circuit has recently noted, "[s]uch § 3582(c)(2) waivers are commonplace in plea agreements, and we have consistently upheld their validity." *United States v. Watkins*, No. 24-5355, 2025 WL 289696, at *2 (6th Cir. Jan. 24, 2025)

Because Hitchcock knowingly and voluntarily waived his right to mount this challenge, the Court should enforce the waiver, and dismiss the instant motion.

**II. Even absent his waiver, Hitchcock's motion should be denied.**

Hitchcock's request or a reduction in sentence is based on United States Sentencing Guidelines Amendment 821, Part A, which removed the two criminal history points for committing the instant offense while under while under any criminal justice sentence. Even if Hitchcock had not explicitly waived the right to attack his sentence, his motion should still fail. Hitchcock's guidelines, as correctly calculated by the Final Presentence Investigation Report

2

(PSR), were to an adjusted offense level of 35, and a criminal history category III (for 5 criminal history points), leading to an advisory guideline range of 210-262 months.   (PSR, R. 26 at PageID 123).   Applying the change made by Amendment 821, Hitchcock's criminal history would be reduced by 2 points and he would be a criminal history category II, leading to an advisory guideline range of 199-235 months.   Hitchcock was sentenced to a term of 216 months.   (R. 32). Therefore, even with this adjustment, the sentence imposed by the Court of 216 months would still fall squarely within the guideline range.

Finally, the nature of Hitchcock's offense and the danger he poses to the community demonstrate why the Court's sentence was appropriate at the time it was imposed, and remains appropriate today.   Although Hitchcock encourages the Court not to look too closely at the facts of his case, they do bear discussion here[1].   (Defendant's Motion for Reduction in Sentence, R. 37 at PageID 223).

Hitchcock's offending began in 1990-1996, when he produced child pornography of a close family member.   (See Miami County Common Pleas, Ohio, case 1998CR0047).   Hitchcock was convicted for Attempted Illegal Use of a Minor in Nudity Oriented Material, but was sentenced only to a term of probation.   (PSR, R. 26 at PageID 111).

While on probation, Hitchcock produced child pornography for a second time, of the child of a close friend, who sometimes slept over at his house.   Hitchcock was caught in possession of the child pornography he produced after he had moved to the neighboring Miami County.   Thus, he was convicted in Miami County only of the state version of possession (Pandering Sexually Oriented Material Involving a Minor), in Miami County Court of Common Pleas case

---

[1] This Court is also required to consider the factors set forth in 18 U.S.C. 3553(a), which include the nature and circumstances of the offense and history and characteristics of the offender, in deciding the instant motion.   See 18 U.S.C. 3582(c)(2).

3

02CR00290[2].  (*Id.* at PageID 117).   The production charges were referred to the original county

were the production occurred, but for some reason those charges were never pursued.   Hitchcock

was sentenced to a total of four years of imprisonment for this new offense, and for the probation

violation for his previous offense.   (*Id.*).

Hitchcock was released from incarceration onto post-release control supervision on

January 1, 2007.   (*Id.*).   While on post-release control, Hitchcock continued to victimize children.

Starting at least as early as December 2008 (based on metadata from recovered images), Hitchcock

took photographs of minors who were close family members, then edited them to appear sexually

explicit.   In total, Hitchcock possessed thousands of child pornography images, both obtained

from the internet and which Hitchcock created by morphing images he took of children he knew.

(Plea Agreement, R. 21 at PageID 60).

Hitchcock used his age (he was in his 50's and 60's at the time he committed the instant

offenses) to mask the danger he posed to the children around him.   Hitchcock played the role of

the friendly grandfather and elderly neighbor to gain access to the minors that he victimized.   The

pictures Hitchcock took and then morphed to be sexually explicit were originally set in fun, family-

friendly atmospheres—around the Christmas tree, in the pool, etc.   Hitchcock abused his

relationship to his victims to get close to them in situations where they felt safe and let their guard

down.   Then Hitchcock poisoned these wholesome gatherings by victimizing these children.

The Court's sentence of 216 months, which falls squarely within the amended guideline

range of 199-235 months, remains eminently reasonable.

For the foregoing reasons, Hitchcock's motion should be dismissed.

---

[2] This conviction was too old to be counted in Hitchcock's criminal history score.   (PSR, R. 26
at PageID 117).   Thus, Hitchcock's guidelines, under either a pre or post-Amendment 821
calculation, underrepresent the danger Hitchcock poses.

Respectfully submitted,

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY


*/s/ Christina E. Mahy*
CHRISTINA MAHY (0092671)
Assistant United States Attorney
Attorney for Plaintiff
Federal Building
200 West Second Street, Suite 600
Dayton, Ohio 45402
(937) 225-2910
Fax: (937) 225-2564
Christina.mahy@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response in Opposition was served, via

ECF, upon counsel for defendant on this the 4th day of October, 2025.


*/s/ Christina E. Mahy*
CHRISTINA MAHY (0092671)
Assistant United States Attorney

5